**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.   ) | **Case No. 99-CR-20016** |
| ) | |
| **MICHAEL CUNNINGHAM,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

On February 11, 2008, Defendant, Michael Cunningham, filed what this court construed as a Pro Se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c)(2) (#31). That same day this court appointed the Federal Defender's Office from the Central District of Illinois to represent Defendant. On March 6, 2008, Defendant's attorney, First Assistant Defender Jonathan Hawley, filed a Motion to Withdraw As Counsel (#33), arguing that since Defendant was sentenced under the career offender guidelines rather than the crack cocaine guidelines, Amendment 706 to the Sentencing Guidelines did not have the effect of lowering his guideline range and thus he was not entitled to a sentence reduction. This court entered an Order (#34) on March 11, 2008, granting First Assistant Defender Hawley's Motion to Withdraw and allowed Defendant to proceed pro se to show why, despite being sentenced a career offender, he was still entitled to a reduction under the guidelines. Defendant filed his Response (#35) on March 26, 2008. On March 27, 2008, this court entered an Order (#36) denying Defendant's Motion, finding that since he was sentenced as a career offender, he was not eligible

for a sentence reduction under the crack cocaine guideline amendments. Defendant filed an appeal with the Seventh Circuit, which was ultimately dismissed on May 5, 2008, for failure to pay docketing fee. Defendant has now filed a letter which this court construes as a Motion for Reconsideration (#47) on his original Pro Se Motion for Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582(c)(2) (#31). For the following reasons, Defendant's Motion for Reconsideration is DENIED.

ANALYSIS

In his Motion for Reconsideration (#47), Defendant states that he believes under Kimbrough v. United States, 128 S.Ct. 558 (2007) and United States v. Liddell, 543 F.3d 877 (7th Cir. 2008), that when a district court sentences under the career offender guideline, it has the right to determine that the sentencing guideline is not appropriate and can take into account the statutory disparity between crack and powder cocaine.

In United States v. Liddell, the Seventh Circuit noted that the Supreme Court of the United States has held that all of the sentencing guidelines, including the career offender guidelines, are advisory, and that courts can consider the crack/powder disparity when resentencing defendants who are career offenders. Liddell, 543 F.3d at 884-85.

Two recent opinions rendered by the Seventh Circuit that are factually similar to Defendant's case have addressed this issue. In United States v. Forman, 2009 WL 140502 (7th Cir., Jan. 22, 2009), the defendant, Gregory Forman, plead guilty to distributing crack. Given the amount of crack attributable to him, his base offense level would have been 28, but Forman was also a career offender, a classification that increased his base offense level to 34 and placed him in a criminal history category of VI. That combination produced a guidelines range of 262 to 327 months, and

the court imposed 262 months' imprisonment. Forman later asked the district court to reduce his sentence pursuant to § 3582(c)(2) in light of Amendment 706, and the court appointed the Federal Defender to represent him. Counsel moved to withdraw after concluding that the amendment did not lower his applicable guideline range, which was driven entirely by his career-offender status. The district court allowed counsel to withdraw but invited Forman to proceed pro se and to explain how Amendment 706 benefitted him. The court denied his pro se explanation, saying Forman could not receive a reduction in his sentence because his sentence was based on the career offender guideline rather than the crack guideline range. Forman, No. 08-2177, at 7-8.

The Seventh Circuit rejected Forman's appeal, stating:

> "He cannot prevail in his pursuit of a lesser sentence because Amendment 706 provides no benefit to career offenders. Forman's guidelines range was 262 to 327 months before Amendment 706, and it remains so. Here, 'the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline' – namely the career offender provision. U.S.S.G. § 1B1.10, cmt. n.1(A)." Forman, No. 08-2177, at 8.

In United States v. Millbrook, 2009 WL 152477 (7th Cir. Jan. 23, 2009), the defendant, Kim Lee Millbrook, was sentenced to 372 months in prison as a career offender, but argued to the Seventh Circuit that, in light of the Supreme Court's decision in Kimbrough recognizing a district court's authority to take into account the sentencing disparity between crack and powder cocaine offenses when fashioning a sentence under 18 U.S.C. § 3553(a), he is entitled to resentencing. Millbrook, 2009 WL 152477, at *8. The Seventh Circuit disagreed, writing:

> "Millbrook was sentenced as a career offender, which means that the crack

and powder cocaine disparity in the Guidelines did not affect his sentence. His base offense level was determined, not by drug quantity, but by the statutory maximum applicable to his offense under 21 U.S.C. § 841(b)(1)(A). See U.S.S.G. § 4B1.1(b). Thus, any discrepancy that may arise under § 4B1.1 arises on account of § 841(b) itself- congressional legislation that, in contrast to the Sentencing Guidelines, is not advisory. Thus, Kimbrough's discussion of a district court's discretion to take into account the crack/powder disparity is of no consequence to a defendant sentenced under § 4B1.1 as a career offender. See United States v. Harris, 536 F.3d 798, 813 (7th Cir. 2008) (collecting cases). Neither is Amendment 706, which applies to the drug quantity table in U.S.S.G. § 2D1.1, not the career offender provision in § 4B1.1." Millbrook, 2009 WL 152477, at *8.

The Seventh Circuit went on to reject Millbrook's argument, finding that there was nothing in the record to suggest that the district court misunderstood its authority to depart from the range specified by the career offender guidelines and that it properly considered the factors in § 3553(a) when sentencing Millbrook as a career offender. Millbrook, 2009 WL 152477, at *9.

In the instant case, Defendant was sentenced as a career offender under the career offender guidelines, not the crack cocaine guidelines. The crack and powder cocaine disparity in the guidelines did not affect his sentence and as Kimbrough's discussion of a district court's discretion to take into account the crack/powder cocaine disparity is of no consequence to a defendant sentenced under § 4B1.1 as a career offender, Defendant is not entitled to a resentencing. Millbrook, 2009 WL 152477, at *8. Defendant's Motion for Reconsideration (#47) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Reconsideration (#47) is DENIED.

(2) This case is terminated.

ENTERED this 27th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE